## THE CALVIN S. EDWARDS.

### GRAVES et al. v. THE CALVIN S. EDWARDS.

*(Circuit Court of Appeals, Second Circuit. February 16, 1892.)*

SHIPPING—DAMAGE TO CARGO—PERIL OF THE SEA.
On the evidence, *held*, that the damage suffered by the cargo of the Calvin S. Edwards was not occasioned by the negligence of her master and crew, but was due to perils of the sea, and hence that the vessel was not liable for such loss.

Appeal from the District Court of the United States for the Eastern District of New York. Affirmed.

In Admiralty. Libelant shipped on board of the schooner Calvin S. Edwards a cargo of lumber to be transported from Norfolk to New York. The vessel encountered a severe gale, which lasted for 16 hours, and which left her leaking so badly that her master and crew abandoned her, being taken off by a passing boat. Thereafter she was picked up, and towed to New York, when both she and her cargo were sold in a suit brought against them to recover salvage. See 46 Fed. Rep. 815. This libel was filed by the owners of the cargo, who claimed that the schooner was abandoned, not by reason of perils of the sea, but because of the negligence of her crew; also that she was unseaworthy, being 31 years old. The district court delivered the following opinion:

"The evidence does not show that the omission to perform the contract of the carrier in regard to the libelants' lumber arose from unseaworthiness of the vessel. The fact that the forward pump was out of order is not evidence that the vessel was unseaworthy at the time of the charter, nor does the evidence show that the leaking of the vessel arose from the schooner's being old. Many vessels as old as this are seaworthy for the purpose of carrying a cargo of lumber. Neither does the disaster to the vessel appear to have arisen from negligence on the part of her master or crew in the navigation. What caused the abandonment of the voyage was the severe storm which the vessel endured for sixteen hours, during which time nearly all her sails were blown away, her foreboom broken, her boat washed away, both anchors parted from the chains, and all the fresh water either washed overboard or spoiled. The condition in which the vessel was left by the storm justified her abandonment. The libel must be dismissed, with costs."

*Peter S. Carter*, for appellants.
*Robert S. Minturn*, for appellees.
Before WALLACE and LACOMBE, Circuit Judges.

PER CURIAM. We are satisfied with the opinion of the court below in this case, and affirm the decree.